**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. WILSON, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA MEDICAL FACILITY, et al., <br><br> Defendants. | No. 2:16-CV-1547-MCE-DMC-P <br><br><br> <u>ORDER</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1). Plaintiff alleges defendants violated his Eighth Amendment rights and rights under the Americans with Disabilities Act (ADA) by intentionally maintaining "freezing cold conditions" in the prison, and violated his First Amendment rights by retaliating against him for filing complaints.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1

from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's robust and meandering complaint seems to allege three primary violations of his protected rights. First, Plaintiff alleges Defendants M.C. Smith, Jacob Smith, Stephensen, Clinton D. Thomas, Richard Godfrey, and W. Harris, violated his Eighth Amendment rights by maintaining freezing cold temperatures, rejecting Plaintiff's requests for jackets and hats, and thus subjecting Plaintiff to cruel and unusual conditions of confinement. Second, Plaintiff alleges the same defendants violated his rights under Title II of the ADA because the freezing cold temperatures of the prison prevent him from engaging in the services,

programs, and activities within the prison, secluding him to his cell in order to avoid the cold. Third, Plaintiff alleges Defendants W. Harris, N. Strickland, Larry LaSane, S. Jensen, Brown, Robert W. Fox, Artis, and M. Vong, violated his First Amendment rights by retaliating against him for filing complaints by denying his complaints, preventing him from filing continued appeals, planting contraband in his cell, and engaging in subsequent punitive action. The complaint alleges that each of the above listed defendants are state employees at the prison acting in their official capacities, and thus are acting under the color of state law. See West v. Atkins, 487 U.S. 42, 49 (1988); Anderson v. Warner, 451 F.3d 1063, 1068 (9th Cir. 2006).

### III. ANALYSIS

#### A. Eighth Amendment Claim

Plaintiff alleges that Defendants M.C. Smith, Jacob Smith, Stephensen, Clinton D. Thomas, Richard Godfrey, and W. Harris, violated his eighth amendment rights. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. See Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human

need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the court should also consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).

As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303. In *Peralta*, the en banc court explained that while "[t]he Supreme Court has not said whether juries and judges may consider a lack of resources as a defense in section 1983 actions[,]" it has instructed that prison officials are not deliberately indifferent unless they act wantonly, which is dependent upon the constraints facing the officials. Peralta, 744 F.3d at 1082. The *Peralta* court held that it is appropriate to consider the constraints, including lack of resources, under which an individual doctor who lacks authority over budgeting decisions is operating when determining whether such an official is liable for money damages in a section 1983 action. See Peralta, 744 F.3d at 1082-84.

"The Eighth Amendment guarantees adequate heating." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)), *amended by* 135 F.3d 1318 (9th Cir. 1998); see also Graves v. Arpaio, 623 F.3d 1043, 1049 (9th Cir. 2010) (per curiam) (noting the Eighth Amendment requires adequate heating, but not necessarily a "comfortable" temperature).

Plaintiff alleges that Defendants M.C. Smith, Jacob Smith, Stephensen, Clinton D. Thomas, Richard Godfrey, and W. Harris, violated his eighth amendment rights by maintaining freezing cold temperatures in the prison and refusing to allow him to wear jackets and hats. Though Plaintiff's complaint is inartful and at times difficult to interpret, he does provide specific dates related to his claim, specifies the individuals involved and how they allegedly contributed to

4

the violation, and plead physical and psychological harm resulting from the alleged low temperatures. The facts contained in the complaint, if proved true, could establish deliberate indifference on the part of the named defendants. See Farmer, 511 U.S. at 834. For that reason, applying the liberal construction standard to Plaintiff's complaint, this Court concludes that Plaintiff has plead sufficient facts proceed past the screening stage on this claim.

### B. ADA Claim

Plaintiff seeks to bring a claim under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id.

However, Plaintiff may proceed against individual defendants in their official capacities, but only if Plaintiff shows discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40.

Plaintiff claims that in maintaining a freezing cold temperature at the prison Defendants M.C. Smith, Jacob Smith, Stephensen, Clinton D. Thomas, Richard Godfrey, and W. Harris, prevented him from engaging in the programs and activities of the prison, violating his rights under the ADA. Plaintiff contends that he is a qualified individual under the ADA.

Plaintiff also contends the freezing cold temperatures have relegated him to his cell and thus deprived him of services, programs, and activities otherwise available to him at the prison. However, Plaintiff does not, as required by law, plead sufficient facts that the reason he was excluded was due to his disability. See Lovell, 303 F.3d at 1052. The facts in the complaint simply indicate that the prison was kept at a low temperature and that low temperature prevented Plaintiff from leaving his cell on occasion. There is no indication that the freezing temperatures contributed to his disability or that they created a disability. For that reason, this claim cannot proceed.

The complaint does, however, allege sufficient facts related to discriminatory intent on the part of the above-mentioned defendants. See Ferguson, 157 F.3d at 674. Plaintiff identifies an accommodation — jackets, hats, space heaters — and a deliberate failure of the defendants to fulfill their duty to accommodate by rejecting Plaintiffs requests for such accommodations.

Plaintiff will be provided an opportunity to amend.

**C.  First Amendment Claim**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the

adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

Plaintiff alleges Defendants W. Harris, N. Strickland, Larry LaSane, S. Jensen, Brown, Robert W. Fox, Artis, and M. Vong, violated his first amendment rights by retaliating against him for filing complaints by denying his complaints, preventing him from filing continued appeals, planting contraband in his cell, and engaging in subsequent punitive action. Plaintiff argues that his claims were denied and at some point, his appeals were deemed exhausted in retaliation for his initial complaints regarding the temperature of the prison. There are insufficient facts in the complaint to establish that this was adverse action, rather than normal process. Additionally, there are insufficient facts to establish that if it was adverse action, it was taken because of his initial complaints, rather than simply normal process. Relating to the planting of contraband in Plaintiff's cell, it is unclear who is alleged to have planted the evidence and for that reason this Court cannot determine the identity of any potential state actor. The subsequent punitive actions taken against Plaintiff resulting from the alleged planted contraband necessarily fail as well. For these reasons this claim must be dismissed. Plaintiff will, however, be provided an opportunity to amend.

### IV. AMENDING THE COMPLAINT

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

7

between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is cautioned that failure to file an amended complaint within the time provided may result in dismissal of the entire action. See Local Rule 110.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: November 15, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE