**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL C. SMITH, et al.,<br><br>        Defendants. | No. 2:16-CV-1547-MCE-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (ECF No. 25) of the court's August 19, 2019, order (ECF No. 24) adopting the Magistrate Judge's July 1, 2019, findings and recommendations (ECF No. 19).

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).

/ / /

/ / /

/ / /

1

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In this case, the court's August 19, 2019, order dismissed the California Medical Facility and the California Department of Corrections and Rehabilitation as defendants to this action based on their immunity from suit under the Eleventh Amendment. Plaintiff has not demonstrated why reconsideration of this order should be granted under any of the rules discussed above.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 25) is denied.

Dated: February 4, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE