IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL C. SMITH, et al.,<br><br>    Defendants. | No.  2:16-CV-1547-MCE-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 27) and defendants' motion to strike plaintiff's counterclaim (ECF No. 35).

**DISCUSSION**

**A.     Motion to Revoke Plaintiff's In Forma Pauperis Status**

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

1

imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

1. Three Strikes

A review of the court's records reflects that plaintiff has had three or more cases dismissed as "strikes" under § 1915(g).[1] Three such cases are:

a. Wilson v. Schwartz, et. al, No. 2:05-CV-1649-GEB-CMK-P (E.D. Cal. September 26, 2006), ECF No. 24 (Magistrate Judge's findings and recommendations to dismiss without leave to amend), No. 26 (District Judge's order adopting findings and recommendations), (see ECF No. 27-2, RFJN Ex. 1).

b. Wilson v. Veal, et. al., No. 2:06-CV-0067 (E.D. Cal. May 8, 2007), ECF No. 9 (Magistrate Judge's findings and recommendations to dismiss without leave to amend), ECF No. 11 (District Judge's order adopting findings and recommendations), ECF No. 17 (Ninth Circuit order affirming dismissal without leave to amend). (see No. 27-2, RFJN Ex. 2).

c. Wilson v. Dovey, et. al., 2:06-CV-1032 (E.D. Cal. December 20, 2006), ECF No. 11 (Magistrate Judge's findings and recommendations to dismiss without leave to amend), ECF No. 13 (District Judge's order adopting findings and recommendations) (see ECF No. 27-2, RFJN Ex. 4).

///

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own court records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

Plaintiff's opposition to defendants' motion to revoke IFP status is poorly written and difficult to understand. See ECF No. 31. However, plaintiff appears to argue that his previous cases do not count as strikes because they alleged the type of inadequate treatment discussed in two presently ongoing class action cases. See ECF No. 31, pg. 3. Plaintiff's argument is unsupported. Plaintiff's previous cases are unrelated to the ongoing class actions; thus, the ongoing class action suits do not alter the fact that plaintiff's previous suits count as strikes. Further, plaintiff already had far more than three strikes prior to the commencement of the class action in question. See ECF No. 27-1, pg. 4 (listing plaintiff's previously dismissed suits prior to 2009); Coleman v. Schwarzenegger, 922 F.Supp.2d 882 (E.D. Cal 2009) (the onset of the class action litigation plaintiff references). Numerous courts have already refused to allow plaintiff to litigate in forma pauperis because plaintiff is a three-strike litigant. See ECF No. 27-2, RFJN Ex. 12-26.

### 2. Imminent Danger

Plaintiff contends that he is in imminent danger of serious physical injury such that his IFP status should not be revoked. Plaintiff states that:

> Violations of Eighth Amendment cruel punishment for FREEZING cold conditions for 'Imminent Danger' of wanton unnecessary infliction of pain and suffering by Staff denial of 'heat' at California Medical Facility ('CMF') from Old antiquated 1953 building AIR-VENTS that do not provide enough adequate Heat during Winter months.

ECF No. 1, pg. 1.

Plaintiff also states a First Amendment retaliation claim and Americans with Disabilities Act claim. However, he does not provide any imminent danger analysis for these claims.

The Court finds that plaintiff is not entitled to IFP status under the imminent danger exception. Plaintiff alleges that the prison is kept at freezing cold temperatures. However, plaintiff also attached his First Level Appeal response to his complaint. See ECF No. 14, pg. 85. The First Level Appeal response explained that an engineer investigated plaintiff's heating problem and corrected the issue on December 8, 2015. Id. The First Level Appeal Response also states the engineer returned for a follow-up on January 11, 2016, where he measured plaintiff's

1  cell temperature at 71 degrees and plaintiff stated that the temperature was satisfactory. Id.
2  Prisoners qualify for the imminent danger exception based on the time that the complaint was
3  filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). Plaintiff filed his original
4  complaint on July 7, 2016. See ECF No. 1. Plaintiff's cell-based heating issues had been resolved
5  for six months by the time plaintiff filed his compliant and therefore plaintiff does not qualify for
6  the imminent danger exception.

7        Plaintiff also alleges that correctional officers temporarily leave doors open which
8  makes the prison temperature uncomfortable. See ECF No. 14, pg. 56. Although the Eighth
9  Amendment mandates adequate heating in prisons, it does not mandate that the temperature
10 within the prison be comfortable. See Graves v. Arpaio, 623 F.3d 1043, 1049 (9th Cir. 2010) (per
11 curiam). While plaintiff may prefer a higher ambient temperature, cool temperatures do not
12 constitute an imminent danger of serious physical injury.

13       Finally, plaintiff makes fantastical references to swamp coolers that force prisoners
14 into a state of "hibernation." See ECF No. 14, pgs. 3-5. The Court may dismiss a claim as
15 frivolous where the factual contentions are clearly baseless. See Neitzke v. Williams, 490 U.S.
16 319, 325 (1989). The Court need not accept the allegations of the complaint as true, but must
17 determine whether they are fanciful, fantastic, or delusional. See Neitzke, 490 U.S. at 328.
18 Human beings do not have the biological capacity to hibernate. Thus, the Court need not
19 undertake an analysis to determine whether hypothetical forced hibernation would comprise an
20 imminent danger to inmates.

21       **B.**    **Motion to Strike Plaintiff's Counterclaim**

22       Plaintiff filed a counterclaim against defendants on February 3, 2020. See ECF No.
23 35. Defendants move to strike the counterclaim on the basis that it does not raise any new causes
24 of action. See ECF No. 35, pg. 2. In his opposition, plaintiff argues that his counterclaim is
25 compulsory under Federal Rule of Civil Procedure 13(a) because it arises out of the same
26 transaction or occurrence. See ECF No. 36, pg. 1.

27 ///
28 ///

4

The Court finds that defendants' motion to strike plaintiff's counterclaim should be granted. Plaintiff's counterclaim responds to the arguments in defendants' reply to plaintiff's opposition to the motion to strike. In fact, plaintiff labeled the counterclaim "Plaintiff's Counter Claim in Support of Opposition to Defendants' Reply to Revoke Plaintiff's In Forma Pauperis Where Plaintiff Meet Imminent Danger When Civil Complaint Filed". See ECF No. 33, pg. 1. Plaintiff's counterclaim is really a sur-reply to defendants' reply to plaintiff's opposition. Plaintiff did not have a right to file a sur-reply and the Court did not grant leave for plaintiff to file a sur-reply. See E.D. Cal. Local Rule 230(1). Plaintiff's counterclaim is not compulsory because it is not a new claim at all. Thus, plaintiff's counterclaim must be stricken.

## CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to revoke IFP status (ECF No. 27) be granted;

2. Defendant's motion to strike plaintiff's counterclaim (ECF No. 35) be granted; and

3. Plaintiff be required to pay the full filing fee within 30 days of the date of the District Judge's order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 29, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE